IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KELLY DESMOND,
    Plaintiff,

v.                                                         Civil No. 3:19-cv-00201 (DJN)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,
    Defendant.

REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Rule59(e) Motion (the "Motion to Alter"). (ECF No. 28). For the reasons that follow, the Court Recommends the Motion to Alter be DENIED.

## I. BACKGROUND

On December 31, 2015, Kelly Desmond ("Plaintiff") applied for disability insurance benefits under the Social Security Act, alleging disability from mental health depression, a herniated disc, and bulging discs at L5 and S1, with an alleged onset date of February 26, 2015. The Social Security Administration denied Plaintiff's claims initially, upon reconsideration, and in a written decision issued by an Administrative Law Judge ("ALJ"). After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to this court pursuant to 42 U.S.C. §405(g). On November 27, 2019 the Court issued an Order (ECF No. 16) ("Order"), denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment (ECF No. 14).

Plaintiff appealed this decision to the United States Court of Appeals for the Fourth Circuit. (ECF No. 17), and the Fourth Circuit vacated the Order and remanded this case for further proceedings consistent with the Fourth Circuit's decision. (ECF No. 20). Pursuant to the judgment entered by the Fourth Circuit, District Judge David J. Novak entered an order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment and remanding the case to the Commissioner for further proceedings. (ECF No. 22).

Plaintiff then filed a motion for attorney fees (the "Fee Motion") (ECF No. 23) under the Equal Access to Justice Act ("EAJA"). Defendant filed their opposition asserting that the Commissioner took a reasonable position that was substantially justified and therefore the Fee Motion should be denied. (ECF No. 24). On December 15, 2021, the Fee Motion was denied, and the Court found that the Commissioner's position was reasonable and substantially justified. (ECF No. 27). The same day, Plaintiff filed the Motion to Alter. (ECF No. 28).

## II. LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for the availability of new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, mere disagreement with the court's ruling does not support a Rule 59(e) motion. (*See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). To prevail on the Motion to Alter, Plaintiff must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

## III. DISCUSSION

Plaintiff alleges that that this Court committed a clear error of law. Plaintiff asserts that their case was argued on underlying merits, and not solely the Appointments Clause. (Pl. Brief In Support of Pl.'s Rule 59(e) Motion "Pl.'s Mem." at 1). Plaintiff filed a motion asking the Court to allow plaintiff $17,416.08 in fees and costs under the EAJA, 28 U.S.C. § 2412. (ECF No. 23). In opposing the Fee Motion, Defendant argued that the Commissioner's position was reasonable in law and fact and thus, was substantially justified. (Def. Opp. to Pl's Motion for Attorney Fees, "Def. Opp." at 1).

Defendant argues that they were substantially justified in defending the merits of the ALJ's

2

decision as substantial evidence supported the mental residual functional capacity assessment. (Def. Opp. at 12-13). The Fourth Circuit only addressed the Appointments Clause issue. The Fourth Circuit did not address Plaintiff's assertion that the ALJ's two-hour time increment limitation within Plaintiff's residual functional capacity to address a moderate restriction in pace was not supported by substantial evidence within the record. (Pl.'s Mem. at 1-2). The question of whether a two-hour time limitation can address pace limitations is split among District Courts within the Fourth Circuit. (*See Cochran v. Berryhill*, 2018 U.S. Dist. LEXIS 106274, 2018 WL 3122438, at *6 (D. Md. June 26, 2018) (limiting plaintiff to "simple tasks in two-hour increments with 10- to 15-minute breaks in-between"); *Gill v. Berryhill*, 2018 U.S. Dist. LEXIS 78410, 2018 WL 2107196, at *4 (W.D.N.C. May 7, 2018) (finding that Plaintiff had "ability to stay on task [for] two hours at a time"); *Roope v. Berryhill*, 2017 U.S. Dist. LEXIS 56777, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 13, 2017) ("An explanation of how long a claimant is able to sustain concentration and attention to perform tasks is a direct accounting for the claimant's ability to stay on task — and difficulties in concentration, persistence and pace."); *Fender v. Berryhill*, 2018 U.S. Dist. LEXIS 53191, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018) ("[T]he Court finds that a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace[.]"); *Beckman v. Comm'r, Soc. Sec. Admin.*, 2017 U.S. Dist. LEXIS 53456, 2017 WL 1316920, at *3 (D. Md. Apr. 7, 2017) (limiting plaintiff to multi-step tasks for two-hour segments "or within customary work tolerances, with breaks" satisfied *Mascio*) with *Jody R-S v. Berryhill*, No. TJS-18-1715, 2019 U.S. Dist. LEXIS 58712, 2019 WL 1493364, at *3 (D. Md. Apr. 3, 2019) (explaining that a residual functional capacity that limits a claimant to work for certain time increments does not account for such limitations); and *Steele v. Comm'r*, No. MJG-15-1725. 2016 U.S. Dist. LEXIS 48744, 2016 WL 1427014 (D. Md. Apr. 11, 2016) (stating that a two-hour limitation will never account for moderate pace limitations).

Plaintiff requests that the Court defer ruling on the Motion to Alter until after the Fourth Circuit rules on *Forrest v. Saul*, Case No. 20-1985 and addresses this split. Plaintiff's argument regarding the split in this circuit highlights that the two-hour limitation is not settled law. Here, Defendant articulates that the substantial evidence in the administrative record supported the mental residual functional capacity assessment. (ECF No. 24 at 12). Defendant supports this argument by pointing to numerous normal mental status findings, Plaintiff's activities, and a nurse practitioner's conflicting notes on Plaintiff's distractibility. (ECF No. 24 at 12). Defendant was substantially justified in defending this matter.

## IV. CONCLUSION

For the forgoing reasons, the Court RECOMMENDS the Motion to Alter (ECF No. 28) is DENIED. The Clerk is requested to forward a copy of this Order to counsel of record for all parties.

Let the Clerk file a copy of this Report and Recommendation electronically, notify all counsel of record and forward a copy to United States District Judge David J. Novak.

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/ MRC

Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: January 5, 2022